Merritt, Dunham & Co., *vs.* Peabody *et al.*

---

MERRITT, DUNHAM & COMPANY, plaintiffs in error, *vs.* JOHN PEABODY, *et. al.*, defendants in error.

When executions were issued in favor of the officers and employees of a steamboat, for debts due to them, against the persons owing such debts, and also against the boat, after a demand on the owners, or their agent, for payment, and a refusal to pay, as provided by the 1968 and 1969th sections of the Code; which executions were levied on the boat and sold ·by the sheriff: *Held*, that the purchasers of the boat at such sheriff's sale acquired a good title thereto, as against the owners of the boat; and were not liable to be garnisheed for the value of the boat so purchased, at the suit of an attachment creditor, for a debt due by one of the owners of the boat, prior to such sale.

*Held, further,* that the executions, under which the boat was sold, having been issued against *the persons* owning the boat, as well as against the

boat, after demand and refusal to pay the debt, and not against the boat *alone*, that it was not such a proceeding to enforce a *maritime lien against the boat*, as would give to the District Courts of the United States *exclusive* jurisdiction, under the Act of Congress of 1789.

· Lien Laws.    Jurisdiction.    Before Judge JOHNSON.    Muscogee Superior Court.    August Term, 1869.    ·

In May and June, 1867, in said county, the following persons sued out *fi. fas.* against S. O. Boardman, Thomas P. Morgan and E. S. Mills, as owners of the steamer White Rose, and against said steamer, then in said county, under sections 1968 and 1969 of Irwin's Code: one O'Connor, for provisions furnished for said boat, at the request of her captain; one Towns, for wood furnished by him to said boat; one Bilbro, for a sum due him as her pilot, and said Mills, for a sum due him as her captain.    And Olcott P. Boardman sued out two mortgage *fi. fas.*, upon mortgages held by him, against said boat.    These mortgages were made out of this State, by Mills, and had never been recorded in this State.    To one of them, Mills signed his own name and the names of the other owners, as their agent; the other he signed, as master, for himself and the other owners, all the owners being non-residents of this State.    Under these *fi. fas.* said steamer was levied on, and in September, 1867, sold by the sheriff, in said county, to James M. Russell, John Peabody and L. T. Downing, for $670 00.    ·

In June, 1867, Merritt, Dunham & Company had sued out an attachment against said Morgan, for $2,550 00, and had it levied on three-eights of said steamer, as the interest of Morgan in her.    In August, 1869, pending this attachment, Peabody & Downing were garnisheed and required to answer what they owed Morgan, or what effects or property of his they had.    They answered that they owed him nothing and had none of his effects or property.    This answer was traversed.    On the trial of that traverse, plaintiff's counsel showed that on the 10th of April, 1867, said Morgan owned one-fourth of said steamer; that at the date of serving said garnishment, the steamer was worth $5,000 00; that said

purchasers took possession under said sheriff's sale, had sold the steamer for $1,350 00, and still had part of her machinery, worth $700 00, and closed.

Defendants introduced said judgments and mortgages, the *fi. fas.*, aforesaid, and the sheriff's deed to them, showing that they bought it at said sale,. under said *fi. fas*. They showed that they knew nothing of Mill's authority to make said mortgages. Plaintiff's counsel requested the Court to charge the jury that said mortgages and claims of the judgment creditors were maritime contracts, and that the judgments by the County-Judge, authorizing the seizure and sale of said boat, were void; that said judgments were void for want of jurisdiction, if neither of the defendants in said judgments resided in said county, at the date or foreclosure of said mortgages, though said steamer was in said county, at the date of said foreclosure; that the Acts giving a lien to steamboat-men, so far as they authorized proceedings *in rem.*, in causes of civil and maritime jurisdiction, are unconstitutional, because such jurisdiction is in the Courts of the United States, exclusively.

The Court refused so to charge, but charged that these judgments being *in personam*, as well as *in rem.*, they were sufficient judgments, in law, under which to sell the interest of defendants, and further charged that if these judgements had been rendered by the County-Court in favor of the pilot and other employees, as well against the owners as against the boat, the judgments were good, and a purchaser under them takes a good title, unless there was something else to avoid the sale, and that the same was true as to the judgments on the foreclosure of said mortgages, if the boat was in said county at the date of foreclosure, though the mortgages were made out of this State, by non-residents of this State; that if Mills' authority to make said mortgages was not proved, and the judgments on them were without evidence of indebtedness, and were obtained at the instance of Mills, the jury might consider whether this was a fraud by Mills, but a purchaser will not be affected by said fraud, unless he knew, or participated in, said fraud.

Merritt, Dunham & Co., *vs.* Peabody *et al.*

The jury found the issue in favor of the garnishees. Error is assigned here upon the refusal of the Court to charge as requested, and upon the charge as given.

MOSES & GERRARD, for plaintiff in error.

PEABODY & BRANNON, L. T. DOWNING, for defendants, cited Prince's Dig., 424 ; R. M. Charlton's Repts., 240 ; Irwin's Code, sec. 3895, and Act of 1866, p. 65, as to jurisdiction for foreclosure of mortgages ; as to the exclusive jurisdiction of United States Courts: 17th How. R., 399 ; 1 Wash. R., 293 ; 20 Howard's R., 393 ; 7 Wallace's R., 645.

WARNER, J.

The question made by the record in this case is, whether the purchasers of the steamboat White Rose, at a sheriff's sale, made by virtue of executions, issued to enforce a steamboat lien, as provided by the 1968, 1969 sections of the Code, acquired a good title thereto, as against the owners of the boat, so as to protect them as garnishees, at the suit of an attachment creditor of one of the owners of the boat, prior to such sale. We are of the opinion, from the facts and proceedings stated in the record, that the requirements of the Code were complied with, and that the purchasers at the sheriff's sale acquired a good title to the boat, as against the owners thereof, prior to such sale, and are not liable, as garnishees, to the creditors of such owners, for the value of the boat so purchased by them. The executions, under which the boat was sold, having been issued against *the persons* owning the boat, as well as against the boat, after demand and refusal to pay the debt claimed, as provided by the Code, and not against the boat alone, it was not such a proceeding to enforce a *maritime lien against the boat alone*, as would give to the District Courts of the United States *exclusive* jurisdiction, under the Act of Congress of 1789.

Let the judgment of the Court below be affirmed.